ROTHSCHILD, J.,
dissents.
hi disagree with the conclusion of the majority that the provision in the State Farm policy with regard to the applicability of uninsured motorist coverage to government-owned vehicles is in contravention of public policy.
The State Farm policy at issue in this case specifically excludes from uninsured motorist coverage vehicles “owned by any government or political subdivisions or agencies.” An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation set forth in the Louisiana Civil Code. Language in an insurance policy which is clear, expresses the intent of the parties and does not violate a statute or, public policy, must be enforced as written. Reynolds v. Select Props., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183; In Louisiana, uninsured motorist coverage is governed by La. R.S. 22:1295, which requires such coverage in automobile policies issued in the state “for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or un-derinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom ...”
My review of the matter reveals that plaintiff has failed to show that the provisions of the policy thwart the objection of this statute, i.e. the protection of the insured driver who is entitled to recover damages from |2owners of uninsured vehicles. There has been no showing that plaintiff is prevented from obtaining a full recovery for his damages from the governmental tortfeasor, and thus I fail to find any basis that the cited provisions of the insurance policy violate this state’s public policy protecting insured drivers.
In my view, the holding of the majority mandates the inclusion of government-owed vehicles within the umbrella of uninsured motorist coverage without 'any statutory authority therefor. Further, the holding amounts to a forced assumption by the insurer of a primary obligation of liability attributable to the governmental tortfeasor.
Finally, although the trial court did not rule on the issue of whether coverage is also excluded under the self-insured provisions of the policy, I find that the vehicle owner’s self-insured status is evident from the record and that State Farm is entitled *1138 to judgment as a matter of law on this basis.
For these reasons, I would affirm the judgment of the trial court and I must therefore dissent from the opinion of the majority.